IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER ON MOTIONS TO SEVER |
| vs. | |
| JAIME ARTURO SOLARTE, et al., | Case No. 2:05-CR-785  TS |
| Defendants. | |

This matter comes before the Court on Defendants' Motions to Sever.[1]   These Motions generally seek to sever Count 1 and 3 of the Indictment from Counts 2 and 4 through 14 of the Indictment.  The various Defendants generally argue that severance is justified under Fed. R. Crim. P. 8 and 14.[2]

The Government has responded to these Motions, stating that it has no objection to severance, and stipulates that Counts 1 and 3 should be severed from Counts 2 and 4 through 14

---

[1]Docket Nos. 108, 118, 119, 122, 127, 129, 133.

[2]The Defendants also specifically allege that there is a two-year time gap between the activities alleged in Counts 1 and 3 of the Indictment and the other Counts of the Indictment, and that Counts 1 and 3 are unrelated to the other Counts and that, consequently, different evidence would be required to support them.

of the Indictment.[3]  Accordingly, the Court will sever Counts 1 and 3 from Counts 2 and 4

through 14 and proceed by setting two trials.

Defendant Jaime Arturo Solarte, in addition to filing a Motion to Sever the Counts, has

filed a Motion to Sever his trial from that of the other Defendants.[4]  Citing *Bruton v. United

States*,[5] and *Zafiro v. United States*,[6] he asserts that because of the adversarial relationship

between himself and the other defendants, he is exposed to the possibility of potentially

damaging testimony from the co-defendants.  He further contends that if the various co-

defendants exercise their right against self-incrimination, his rights under the Confrontation

Clause will be compromised.  Defendant argues that the only way to avoid deprivation of his

right to confrontation is to sever his trial from the other co-defendants.

In its Opposition to Defendant Jaime Solarte's Motion, the Government emphasizes that

there is a presumption that persons indicted together should be tried together,[7] that to overcome

this presumption, there must be a "strong showing of prejudice,"[8] and that Defendant Jaime

---

[3]Docket No. 183.

[4]Docket No. 132.

[5]391 U.S. 123, 137 (1968).

[6]506 U.S. 534, 539 (1993) ("[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."); *id.* ("Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.").

[7]Docket No. 186.  *See United States v. Pack*, 773 F.2d 261, 266 (10th Cir. 1985) ("The general rule in conspiracy cases is that persons indicted together should be tried together.").

[8]*United States v. Peveto*, 881 F.2d 856, 857 (10th Cir. 1989).

Solarte has not made such a showing.  The Government argues that it does not seek to introduce a co-defendant's confession inculpating Defendant Jaime Solarte, and that the statements in question are excepted from *Bruton* because they are non-hearsay, co-conspirator statements.  The Government does concede that had the *James* hearing produced statements admissible against co-defendants, but not against Defendant Jaime Solarte, severance would have been justified.

The Court finds that Defendant Jaime Solarte has not made a strong showing of prejudice based upon *Bruton*.  In *Bruton*, the Court held that the admission into evidence of a co-defendant's confession inculpating the defendant at a joint trial at which the co-defendant does not testify violates the defendant's Sixth Amendment right to confront witnesses against him.[9] Here, the Government does not seek to admit a co-defendant's confession inculpating Defendant Jaime Solarte.  Moreover, Defendant Jaime Solarte has identified no such statements and none have been identified pursuant to the *James* hearing.  No statements have been shown to be admissible against co-defendants, but not against Defendant Jaime Solarte.  Accordingly, any determination based upon *Bruton* issues would be premature here.  The Government correctly points out that any problematic statements may be identified by the parties and addressed by the Court prior to trial.  Importantly, even if such statements exist, they do not necessarily require severance.[10]  Therefore, the Court will address these matters if, and when, they arise.

---

[9]*United States v. Sarracino*, 340 F.3d 1148, 1160 (10th Cir. 2003).

[10]*United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990) ("*Bruton* only requires that in a joint trial a defendant must be given an opportunity to cross-examine his codefendant when the government introduces a codefendants's confession that incriminates the defendant. . . . *Bruton*, however, does not hold that defendants in joint trials involving *Bruton* problems are entitled to separate trials.").

For the foregoing reasons, it is therefore

ORDERED that Defendants' Motions to Sever (Docket Nos. 108, 118, 119, 122, 127, 129, and 133) are GRANTED.  It is further

ORDERED that Defendant Jaime Solarte's Motion to Sever Defendants (Docket No. 132) is DENIED.  It is further

ORDERED that this Court will hold a status conference to schedule the two trials on February 13, 2007, at 3:30 p.m..

SO ORDERED.

DATED   January 30, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge